UNITED STATES DISTRICT COURT
~~EASTERN~~ DISTRICT OF NEW YORK
~~SOUTHERN~~ ----------------------------------------------X

**JUDGE LYNCH**

AMANDA REED,

                              Plaintiff,

**08 CV 1254**

                    -against -

**_NOTICE OF REMOVAL_**

PATHMARK,

                              Defendant.

FEB 07 2008

U.S.D.C. S.D.N.Y.
CASHIERS

---------------------------------------------------X

TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN AND SOUTHERN DISTRICT OF NEW YORK

           This Notice of Removal on behalf of defendant respectfully shows:

           1.      An action was commenced against defendant in the Supreme Court
of the State of New York, Bronx County on July 3, 2007 which action is entitled above.
According to the Complaint, plaintiff demanded judgment in an amount that exceeds
jurisdictional limits of all lower Courts than the Supreme Court." Copies of the
Summons and Complaint are attached hereto and marked as **_Exhibit "A"_**.

           2.      Defendant timely interposed its answer to the Complaint.  A copy of
the Answer is annexed as **_Exhibit "B"_**.

           3.      On August 10, 2007, defendant served a CPLR §3017(c) "Request
for a Supplemental Demand" requiring plaintiff to set forth the total damages to which
she deemed himself entitled.  A copy of the "Request for Supplemental Demand" is
annexed as **_Exhibit "C"_**.

4.      On January 18, 2008 plaintiff served a "Combined Demand Response".  A copy is annexed as **Exhibit "D"**.  In the response, plaintiff has demanded judgment in the amount of $1,000,000.00.

5.      The above described action is now one in which this Court has original jurisdiction under the provisions of 28 U.S.C. 1332 and is one which may be removed to this Court by petitioner, pursuant to the provisions of 28 U.S.C. 1441 in that the matter in controversy exceeds the jurisdictional minimum for federal diversity actions exclusive of interest and costs.

6.      Plaintiff was, at the time this action was commenced, and still is, a citizen of the State of New York and resides in Bronx County.  Defendant was, at the time this action was commenced, and still is, a corporation organized under the laws of the State of Delaware and having its principal place of business in the State of New Jersey.

**WHEREFORE**, defendant requests that the action now pending against it in the Supreme Court of the State of New York, Bronx County, be removed therefrom to this Court.

Dated:   New York, New York
         February 7, 2008

Yours etc.,

KRAL, CLERKIN, REDMOND, RYAN,
        PERRY & GIRVAN, LLP
Attorneys for Defendant
PATHMARK STORES, INC. s/h/a PATHMARK
Office & P.O. Address
69 East Jericho Turnpike
Mineola, New York 11501
516-742-3470

BY: _____
       HENRY M. PRIMAVERA
       A Member of the Firm

TO:    RIOS & LEVY, LLP
       Attorneys for Plaintiff
       200 Schermerhorn Street, Suite 211
       Brooklyn, New York 11201
       (646) 932-1655

## ATTORNEY'S AFFIRMATION

STATE OF NEW YORK)
                         ss:
COUNTY OF NASSAU )

       I, the undersigned, an attorney duly admitted to practice in the Courts of the State of New York, state:

       That I am a member of the firm of KRAL, CLERKIN, REDMOND, RYAN, PERRY & GIRVAN, the attorneys of record for the defendant PATHMARK STORES, INC. s/h/a PATHMARK in the within action;

       I have read the foregoing NOTICE OF REMOVAL and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by the defendant is that the answering defendant maintains its principal place of business outside Nassau County.

       The grounds of my belief as to all matters not stated upon my own knowledge are information, correspondence, conversations and a general investigation of the facts.

Dated:  Mineola, New York
       February 7, 2008

                           _____
                           HENRY M. PRIMAVERA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AMANDA REED,

              Plaintiff,                     CV 08

          -against-                   AFFIDAVIT OF
                                           SERVICE

PATHMARK,

              Defendant.

------------------------------------------------------------X
STATE OF NEW YORK )         ) ss.:
COUNTY OF NASSAU  )

          LORETTA GRECO, being duly sworn, deposes and says:
          That your deponent is not a party to the action and is over the age of 18 years and on February 7, 2008 deponent served the within NOTICE OF REMOVAL upon the attorneys for the respective parties to this action as follows:

RIOS & LEVY, LLP
Attorneys for Plaintiff
200 Schermerhorn Street, Suite 211
Brooklyn, New York 11201
(646) 932-1655

the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a post-paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                        LORETTA GRECO

Sworn to before me this
February 7, 2008)

NOTARY PUBLIC

JOYCE KEDZIERSKI
Notary Public, State of New York
No. 01KE6099771
Qualified in Nassau County
Commission Expires October 6, 20__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMANDA REED,

       Plaintiff,

    -against-

PATHMARK,

       Defendant.

## NOTICE OF REMOVAL

### KRAL, CLERKIN, REDMOND, RYAN PERRY & GIRVAN, LLP

*Attorneys for* PATHMARK

69 EAST JERICHO TURNPIKE
MINEOLA, NEW YORK 11501
(516) 742-3470

**§2103 (b) (5) Notice: Service of Papers by Electronic Means is Not Accepted**

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

Dated: ....................................

       Signature ....................................................

       Print Signer's Name.........................................

*Service of a copy of the within*                    *is hereby admitted.*

*Dated:*

       *Attorney(s) for*

*PLEASE TAKE NOTICE*

Check Applicable Box

[ ]
**NOTICE OF ENTRY**
*that the within is a (certified) true copy of a*
*entered in the office of the clerk of the within-named Court on*       20

[ ]
**NOTICE OF SETTLEMENT**
*that an Order of which the within is a true copy will be presented for settlement to the*
*Hon.*              *, one of the judges of the within-named Court,*
*at*
*on*        20     *, at*       *M.*

*Dated:*

### KRAL, CLERKIN, REDMOND, RYAN PERRY & GIRVAN, LLP

*Attorneys for*

*To:*

69 EAST JERICHO TURNPIKE
MINEOLA, NEW YORK 11501

*Attorney(s) for*

SUPREME COURT OF THE S    OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------

AMANDA REED,

Index No
FILED WITH CLERK OF
COURT ON:

Plaintiff designates
BRONX
County as the place of trial

The basis of the venue is
PLAINTIFF'S RESIDENCE

Plaintiff(s)

against

**SUMMONS**

Plaintiff resides at
**1595 E. 174TH STREET
BRONX, NEW YORK 10472**

County of BRONX

PATHMARK,
Defendant(s)
-----------------------------------------------------------------
To the above named Defendant

**You are hereby summoned** to answer the complaint in this action and to
serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of
the day of service (or within 30 days after the service is complete if this summons is not personally
delivered to you within the State of New York); and in case of your failure to appear or answer, judgment
will be taken against you by default for the relief demanded in the complaint.

Dated, New York, New York
     September 30, 2004
Defendant's address:
410 W. 207th Street, New York, New York 10034

**LITMAN & LITMAN, P.C.**
Attorney(s) for the Plaintiff
   Post Office Address
   **299 Broadway Suite 910
New York, New York  10007
212-732-3710**
FILE #04231

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
AMANDA REED,

                              Plaintiff(s),

        -against-                              VERIFIED COMPLAINT


PATHMARK,

                              Defendant(s).
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

        Plaintiff(s), complaining of the defendant(s), by
attorneys, LITMAN & LITMAN, P.C., respectfully shows to this Court
and alleges:

        AS AND FOR A FIRST CAUSE OF ACTION
        ON BEHALF OF PLAINTIFF AMANDA REED

        FIRST:  That at all the times hereinafter mentioned, the
accident occurred on the date described below, in the State of New
York, in the location described below:

        Date: August 27, 2004

        Location: Pathmark, 410 W. 207th Street, New York, New York
10034

        SECOND:  The accident occurred while the plaintiff above-
named was lawfully on said premises; he(she) was caused to be
injured as a result of the negligence of the defendant(s), their
officials, agents, servants and/or employees in the ownership,
operation, maintenance and control of said premises.

                              -1-

THIRD:   Upon information and belief, that at all the times hereinafter mentioned, the following defendant(s) were and still are the owner(s) of said premises described above in this complaint:

PATHMARK


FOURTH:   Upon information and belief, that at all the times hereinafter mentioned, the following defendant(s), (his), (her) (its) agents, officials, servants and/or employees were in possession, management and control of the premises described in this complaint:

PATHMARK

-2-

FIFTH:   The plaintiff above named was injured by reason of the carelessness and negligence of the defendant(s), their agents, servants and/or employees who maintained the said premises in a dangerous, careless and heedless manner; in causing the plaintiff(s) to be injured; the defendant(s) were further negligent in failing to see to it that the said area where the plaintiff was maintained in a reasonably safe condition and free from defects and in such a state as to permit a safe passage over and along the said area where the plaintiff was caused to be injured and where people lawfully are on the premises; in having an unsafe condition at the area; in carelessly and negligently and knowingly for a long and unreasonable length of time causing and permitting the said area to become unsafe, in a dangerous condition with the result that the said area where the plaintiff was caused to be injured was rendered impassable and unsafe; in carelessly and negligently failing and omitting to give proper and timely warning and notice of the dangers of said situation; in failing to repair and maintain the premises; in creating a dangerous condition; in failing to maintain and inspect said area; in failing to remedy the condition; in creating a menace and a nuisance for the public safety; in failing and omitting to take proper and suitable precautions for the safety of this plaintiff and to avoid the occurrence of said accident; in failing to conform with the requirements of the Multiple Dwelling Law; in permitting a dangerous condition to exist for an unreasonably long period of time with the knowledge of the defendant(s); in creating a trap for the plaintiff; in creating a nuisance; in wrongfully and negligently maintaining said area in a dangerous condition; in creating a public nuisance; in violating the Building Code of the City of New York and in violating the laws of the State of New York.   The defendant(s) were further negligent in that defendant failed to keep the floor clean and dry; in failing to maintain the area; in failing to post warning signs or barriers at the site of the accident; there was dish detergent on the floor in said store; all of which caused the plaintiff to slip and fall and be seriously injured.

-3-

SIXTH: That the occurrence or said accident and the resulting injury to the above named plaintiff, was caused solely by the negligence of the defendant(s), their officers, officials, agents, servants and/or employees and through no fault or negligence on the part of the plaintiff contributing thereto.

SEVENTH: Upon information and belief, that the defendant had knowledge and notice of the said dangers and defective condition at the place where the plaintiff was injured and the defendant(s) had a sufficient length of time prior to the happening of the accident herein, in the exercise of reasonable care to have corrected such dangerous condition.

EIGHTH: That by reason of the foregoing, and by reason of the negligence of the defendant(s), as aforesaid, the above named plaintiff was severely and seriously injured, bruised and wounded, so that she became sick, sore, lame and disabled and so remains; suffered, still suffers and upon information and belief, will continue to suffer for some time to come great physical and mental pain and great bodily injury; he (she) required medical aid and attention, and upon information and belief, will in the future, require and be caused to spend diverse and large sums of money in an attempt to cure him (her) of said injuries for medical aid and attention, and upon information and belief, will in the future, be incapacitated from attending to his (her) employment and vocation, and upon information and belief, the plaintiff has been permanently injured.

-4-

WHEREFORE, the plaintiff demands judgment against the defendant(s) together with the costs and disbursements of this action. The amount sought exceeds jurisdictional limits of all Courts lower than the Supreme Court.

Yours, etc.,

LITMAN & LITMAN, P.C.
Attorney for Plaintiff(s)
299 Broadway
New York, New York 10007
212-732-3710

STATE OF NEW YORK
                   SS:
COUNTY OF NEW YORK

        EUGENE LITMAN, being an attorney, duly licensed to practice in the State of New York, affirms the following is true under the penalties of perjury:

        That I am the attorney for the plaintiff(s) in the within action and maintain my offices at 299 Broadway, New York, New York 10007.

        That I have read the foregoing instrument and know the contents thereof; that the same is true to my own knowledge except as to the matters therein stated to be alleged upon information and belief and that as to those matters I believe it to be true.

        Deponent further says that the grounds of his belief as to all matters not stated upon his knowledge, are based upon written data and reports in my file and upon conversations and correspondence with the plaintiff(s) and upon the investigation made by the office of your deponent.

        The reason why this verification is made by deponent and not by the plaintiff(s) is that the plaintiff(s), or one of them, reside outside of the County of New York, The County wherein your deponent maintains his office for the practice of his profession.

Dated:  New York, New York
          September 30, 2004

                                      EUGENE LITMAN

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
==============================X

AMANDA REED,

                        Plaintiff,             Index #16996/07

           -against-                 **VERIFIED ANSWER**

PATHMARK,

                       Defendant.

==============================X

        Defendant, PATHMARK STORES, INC. s/h/a PATHMARK, by its attorneys,

KRAL, CLERKIN, REDMOND, RYAN, PERRY & GIRVAN, answering the Complaint of the

plaintiff, sets forth upon information and belief the following:

### ANSWERING A FIRST CAUSE OF ACTION

        1.  Defendant denies each and every allegation contained in paragraphs

"FIRST", "SECOND", "THIRD", "FOURTH", "FIFTH", "SIXTH", "SEVENTH" and "EIGHTH" of

the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

        2.  Upon information and belief, the injuries sustained by plaintiff and any

alleged damages were caused in whole or in part, or were contributed to by reason of the

negligence, want of care, carelessness, assumption or risk, or other culpable conduct on

the part of the plaintiff and by reason of the foregoing, the damages allegedly attributable

or otherwise recoverable herein should be reduced proportionately.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

3.   That the plaintiff could, with due diligence, have obtained personal jurisdiction over tortfeasors not a party to this lawsuit.  Therefore, the culpability of these missing or absent tortfeasors may be computed into the apportionment of total culpability causing the subject occurrence.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3.   These answering defendants' equitable shares of the total liability assigned to all persons liable, if any, if fifty percent (50%) or less.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4.   That this action was not commenced within the applicable time limits, therefore, the Statute of Limitations constitutes a complete defense to the plaintiff's action.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5.   That this Honorable Court lacks jurisdiction over the defendant herein due to improper and defective service

**WHEREFORE**, the defendant PATHMARK STORES, INC. demand judgment dismissing plaintiff's Verified Complaint together with the costs and disbursements of this action.

Dated:  Mineola, New York
        August 10, 2007

Yours, etc.,

KRAL, CLERKIN, REDMOND, RYAN,
    PERRY & GIRVAN, LLP
Attorneys for Defendants
PATHMARK STORES, INC. s/h/a PATHMARK
Office & P.O. Address
69 East Jericho Turnpike
Mineola, New York 11501
(516) 742-3470

BY: _____
        HENRY M. PRIMAVERA

TO: LITMAN & LITMAN, P.C.
     Attorneys for Plaintiff
     299 Broadway
     New York, New York 10007

## **ATTORNEY'S AFFIRMATION**

STATE OF NEW YORK)
                  ss:
COUNTY OF NASSAU )

        I, the undersigned, an attorney duly admitted to practice in the Courts of

the State of New York, state:

        That I am a member of the firm of KRAL, CLERKIN, REDMOND, RYAN,

PERRY & GIRVAN, LLP, the attorneys of record for the defendant PATHMARK STORES,

INC. in the within action;

        I have read the foregoing Answer to Verified Complaint and know the

contents thereof; the same is true to my own knowledge, except as to the matters therein

stated to be alleged on information and belief, and as to those matters I believe it to be

true. The reason this verification is made by me and not by the defendant is that the

answering defendant maintains its principal place of business outside Nassau County.

        The grounds of my belief as to all matters not stated upon my own

knowledge are information, correspondence, conversations and a general investigation

of the facts.

Dated: Mineola, New York
      August 10, 2007

                                          _____
                                         HENRY M. PRIMAVERA

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------X
AMANDA REED,

                        Plaintiff,          Index #16996/07

       -against-                        **Affidavit of Service**

PATHMARK,

                        Defendant.
--------------------------------------------------------X

STATE OF NEW YORK )
               ) ss.:
COUNTY OF NASSAU )

       KAREN JOHNSON, being duly sworn, deposes and says: That your deponent is not a party to the action and is over the age of 18 years old and on August 14 , 2007 served the within VERIFIED ANSWER, DEMAND FOR A VERIFIED BILL OF PARTICUALRS, COMBINED DEMAND, NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION AND SUPPLEMENTAL DEMAND upon the attorneys for the respective parties to this action as follows:

TO:  LITMAN & LITMAN, P.C.
      Attorneys for Plaintiff
      299 Broadway
      New York, New York 10007

the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a post-paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                    _____
                                    KAREN JOHNSON

Sworn to before me this _____
August, 2007

_____
    NOTARY PUBLIC

JOYCE KEDZIERSKI
Notary Public, State of New York
No. 01KE6099771
Qualified in Nassau County
Commission Expires October 6, 20__

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

AMANDA REED,

Plaintiff,

-against-

PATHMARK,

Defendant.

VERIFIED ANSWER, DEMAND FOR A VERIFIED BILL OF PARTICULARS, COMBINED
DEMAND, NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION AND
SUPPLEMENTAL DEMAND

### KRAL, CLERKIN, REDMOND, RYAN
### PERRY & GIRVAN, LLP

*Attorneys for*

### DEFENDANT

69 EAST JERICHO TURNPIKE
MINEOLA, NEW YORK 11501
(516) 742-3470

§2103 (b) (5) Notice: Service of Papers by Electronic Means is Not Accepted

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:* .................................        Signature .................................
August 14, 2007

                                              Print Signer's Name .................................
                                              HENRY M. PRIMAVERA

*Service of a copy of the within*                                              *is hereby admitted.*

*Dated:*

                                              .................................
                                              *Attorney(s) for*

## PLEASE TAKE NOTICE

| | |
|---|---|
| NOTICE OF ENTRY ☐ | *that the within is a (certified) true copy of a* *entered in the office of the clerk of the within named Court on* 20 |
| NOTICE OF SETTLEMENT ☐ | *that an Order of which the within is a true copy will be presented for settlement to the Hon.* *one of the judges of the within named Court, at* *on* 20 *, at* *M.* |

*Check Applicable Box*

*Dated:*

                                              KRAL, CLERKIN, REDMOND, RYAN
                                              PERRY & GIRVAN, LLP

                                              *Attorneys for*

                                              69 EAST JERICHO TURNPIKE
                                              MINEOLA, NEW YORK 11501

*To:*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

------------------------------------------------------X

AMANDA REED,                                    Index #16996/07

               Plaintiff,

                         **CPLR Section 3017(c)**
     -against-                   **REQUEST FOR A**
                         **SUPPLEMENTAL DEMAND**

PATHMARK,

               Defendant.

------------------------------------------------------X

COUNSELORS:

        PLEASE TAKE NOTICE, that pursuant to CPLR Section 3017(c) defendant,

PATHMARK STORES, INC., hereby demand that within fifteen (15) days plaintiff,

AMANDA REED, provide a Supplemental Demand setting forth the total damages to

which plaintiff deems herself entitled.

        PLEASE TAKE FURTHER NOTICE, that in the event the Supplemental

Demand is not served within fifteen (15) days of this request, defendant shall move for

an Order requiring plaintiff's compliance.

Dated:  Mineola, New York
        August 10, 2007

                         Yours, etc.,

                         KRAL, CLERKIN, REDMOND, RYAN,
                             PERRY & GIRVAN, LLP
                         Attorneys for Defendant
                         PATHMARK STORES, INC. s/h/a PATHMARK
                         Office & P.O. Address
                         69 East Jericho Turnpike
                         Mineola, New York 11501
                         (516) 742-3470

BY: _____

HENRY M. PRIMAVERA

TO: LITMAN & LITMAN, P.C.
      Attorneys for Plaintiff
      299 Broadway
New York, New York 10007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------------X

AMANDA REED,

                               Plaintiff,

            -against-

PATHMARK,

                              Defendant.

-------------------------------------------------------------X

**INDEX NO. 16996/07**

**COMBINED
DEMAND RESPONSE**

      Plaintiff, AMANDA REED ("Plaintiff"), by her attorneys RIOS & LEVY, LLP,

for her response to the defendant, PATHMARK's ("Defendant") combined

demand, respectfully alleges the following:

      1.     Hospital records and authorizations: Annexed

      2.     Medical records and authorizations: Annexed

      3.     Plaintiff is not asserting a lost wage claim

      4.     Experts: At the appropriate time Plaintiff will identify which experts,

if any, to be used at trial in conformity with CPLR 3101 (d).

      5.     Statements: none in possession

      6.     Witnesses: Plaintiff is unaware of any witnesses to this accident

and reserves the right to supplement this response in conformity with CPLR 3101

      7.     Collateral Sources: to be provided if applicable

      8.     See response "6" above.

      9.     Photographs: none in possession

      10.    Supplemental Demand Response: One million dollars

Dated: Brooklyn, New York
       January 18, 2008

Yours, etc.,

_____
Daniel Levy, Esq.
RIOS & LEVY, LLP
200 Schermerhorn Street
Suite 211
Brooklyn, New York 11201
(646) 932-1655


TO:    KRAL, CLERKIN, REDMOND
       RYAN, PERRY & GIRVAN, LLP
       *Attorneys for Pathmark*
       69 East Jericho Turnpike
       Mineola, New York 11501
       (516) 742-3470